IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SINGLETON, # 94408-024,

    Petitioner,

vs.                                       Case No. 14-cv-288-DRH

JEFFREY S. WALTON,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. The petition was filed on February 27, 2014.

    On May 4, 2004, petitioner was convicted by a jury in the Northern District of Illinois of theft of mail and possession of a mail access device. *United States v. Singleton*, Case No. 03-cr-175 (N.D. Ill.). He was sentenced to 115 months, plus three years of supervised release, and was ordered to pay substantial restitution (Doc. 99 in criminal case).

    On November 7, 2011, the U.S. Attorney moved to revoke petitioner's supervised release (Docs. 145, 146 in criminal case). When this motion came on for hearing on January 4, 2012, petitioner failed to appear, and a bench warrant was issued for his arrest (Doc. 1, p. 16). The revocation motion was not

addressed until July 2013, because petitioner had been arrested on December 30, 2011,[1] in New York on a charge of forging a United States Treasury check in the amount of $256,000.00 (Doc. 1, p. 19). He remained in custody there until March 26, 2013, when he was sentenced to time served (Doc. 1, p. 21). On July 18, 2013, back in the Northern District of Illinois, petitioner was found to have violated the terms of his supervised release, and was sentenced to 36 months in prison (Doc. 172 in criminal case). On March 7, 2014, he filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct that sentence. *Singleton v. United States*, Case No. 14-cv-1653 (N.D. Ill.). That matter is still pending in the trial court.

In the instant § 2241 matter, petitioner argues that under 18 U.S.C. §3585, the time he spent in custody in New York should be credited against his 36-month federal sentence, because he had been held "in anticipation of federal authorities [sic] interests" in connection with the warrant for failure to appear in the Northern District of Illinois (Doc. 1, pp. 11-12, 19). Further, he disputes the records upon which the Bureau of Prisons has relied in denying him sentence credit, arguing that no judgment was entered by the New York court (Doc. 1, p. 20). Petitioner raises substantially the same arguments in Ground Four of his § 2255 motion, where he also argues that his 36-month sentence was above the guideline range (Doc. 1, p. 8, in N.D. Ill. Case No. 14-cv-1653).

---

[1] On page 19 of the petition, petitioner states that the date of this arrest was December 30, 2012. However, it appears that this was a typographical error as other documentation shows the date as December 30, 2011 (Doc. 1, pp. 10, 21).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[2] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead on or before **April 21, 2014**.[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 20, 2014**

Digitally signed by David R. Herndon
Date: 2014.03.20 17:16:01 -05'00'

**Chief Judge
United States District Court**