IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTHONY SINGLETON,**

    **Plaintiff,**

vs.                                                     **CIVIL NO. 14-288-DRH-CJP**

**JEFFREY S. WALTON,**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Anthony Singleton, an inmate in the Federal Bureau of Prisons ("BOP") incarcerated at U.S.P. Marion, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. Specifically, Singleton claims that the BOP has improperly denied him prior custody credit for approximately 15 months that he spent in the custody of the State of New York before his federal sentence was imposed. For the reasons set forth below, the petition is denied.

## BACKGROUND

On May 6, 2004, Singleton was convicted by a jury in the Northern District of Illinois of theft of mail and possession of a mail access device. *United States v. Singleton*, Case No. 03-cr-175 (N.D. Ill.) (Doc. 99, 168). In February 2005, he was sentenced to 115 months' imprisonment, and three years of supervised release to

follow. (*Id.* at Doc. 99). Singleton was released from prison on September 2, 2011 and he reported to the probation office as directed. (*Id.* at Doc. 168). By the end of the month, the probation office had filed a special report with the court noting that Singleton had violated the terms of his supervised release. (*Id.* at Doc. 168). The government subsequently moved to revoke Singleton's supervised release. (*Id.* at Doc. 145). The matter was set for a hearing on January 4, 2012 but Singleton failed to appear, prompting the court to enter a bench warrant for his arrest. (*Id.* at Doc. 155).

It later became clear that Singleton did not appear for the January 4th hearing because he had been arrested by the New York City Police Department on December 30, 2011 on charges of grand larceny and possession of a forged instrument (Doc. 14-1). Singleton attempted to purchase a Mercedes Benz with a fraudulent check in the amount of $256,000.00 (Doc. 1; Doc. 14-1). The records from New York state court indicate that, on March 26, 2013, Singleton was convicted of the forgery offense and sentenced to a term of time served—approximately 15 months from his arrest on December 30, 2011 (Doc. 14-1; Doc. 14-4). The following day, the State of New York relinquished its custody over Singleton, and he was turned over to the United States Marshals Service and returned to the Northern District of Illinois on the arrest warrant (*See* Doc. 14-7). On July 18, 2013, Singleton's supervised release was revoked and he was sentenced to 36 months' imprisonment (Doc. 14-6).

In computing Singleton's federal sentence, the BOP determined that Singleton's federal sentence commenced on July 18, 2013, the date the sentence was imposed (Doc. 14-1; Doc. 14-2). He was awarded 113 days of prior custody credit for the period of time from March 27, 2013—the day he was transferred to federal custody, to June 17, 2013—the day prior to the imposition of his federal sentence (Doc. 14-1; Doc. 14-2). The BOP determined, however, that he was not entitled to prior custody credit for the 15 months he spent in the custody of the State of New York because that time was already credited against his state sentence of time served (Doc. 14-1). His projected release date from the BOP is November 6, 2015 (Doc. 14-2).

Singleton filed the instant petition seeking a writ of habeas corpus. In his petition, Singleton claims the BOP erred and violated the provisions of 18 U.S.C. § 3585(b) by denying him prior custody credit on his federal sentence for the 15 months he spent in the custody of the State of New York. If his petition was granted, Singleton would be released in less than 60 days. There is no dispute that Singleton has exhausted his administrative remedies, so the Court will proceed to the merits of Singleton's petition.

## DISCUSSION

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, acting through the Bureau of Prisons. *United States v. Wilson,* 503 U.S.

329, 335 (1992). In instances, such as Singleton's, where the prisoner believes the BOP has erred in its calculation of his federal sentence, the prisoner can challenge the execution of his sentence by bringing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Tindall,* 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."), cert. denied, 549 U.S. 1152 (2007); *Romandine v. United States,* 206 F.3d 731, 736 (7th Cir. 2000).

A writ will be issued when a prisoner can show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Romandine*, 206 F.3d at 736. In this instance, Singleton's custody is purportedly in violation of 18 U.S.C. § 3585(b) which requires the BOP to give a prisoner credit against his federal sentence for time spent in custody prior to the imposition of the federal sentence so long as that presentence custody "has not been credited against another sentence." 18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337.

This habeas petition boils down to a single question of whether the 15 months Singleton spent in the custody of the State of New York was credited against his state sentence of time served? As previously mentioned, the BOP determined the answer to that question was "yes." In reaching that determination, the BOP

relied in part on a Certificate of Disposition issued by the Court Clerk of the Supreme Court of the State of New York (Doc. 14-4). In that document, the Court Clerk certified that Singleton was arrested on December 30, 2011, pleaded guilty and was convicted of first degree forgery in violation of New York Penal Law § 170.15(1), and was sentenced on March 26, 2013 to time served (Doc. 14-4). This information was also verified in a telephone conversation with the Criminal Court in New York County, and is represented on the National Crime Information Center Criminal History Record (Doc. 14-1, Doc. 14-5). Accordingly, the BOP determined that all of the time Singleton spent in state custody—from his arrest on December 30, 2011 to the imposition of his sentence of time served on March 26, 2013—was credited towards his state sentence. Therefore, that time cannot be credited for a second time towards his federal sentence (Doc. 14; Doc. 14-9).

Singleton refuses to accept the BOP's reliance on the Certificate of Disposition claiming that it is "nothing more than a [sic] expression of the clerk of the court's interpretation of the record" (Doc. 16, p. 2). According to Singleton, in order for the BOP to deny prior custody credit for time served because that time was already credited against another sentence, the BOP must have a copy of the criminal judgment imposing that other sentence (Doc. 1). In other words, the BOP must have "conclusive proof" of the criminal conviction and corresponding sentence (*See* Doc. 16). Singleton claims that the Certificate of Disposition is not conclusive proof, and demands that the BOP go fishing for a certified copy of the state court judgment (Doc. 1, p. 22).

The Court disagrees that respondent's reliance on the Certificate of Disposition and related evidence is misplaced. First, Singleton's assertion that the BOP must have a copy of the judgment in order to deny prior sentence credit is wholly unsupported by any legal authority. The statute itself is silent regarding the type of documentation required to determine a prisoner's entitlement to prior custody credit. *See* 18 U.S.C. § 3585(b). Secondly, as the Second Circuit has explained, a Certificate of Disposition issued by a criminal court in the State of New York constitutes "presumptive evidence" that a judgment of conviction was entered against the defendant, and it can be relied on unless its accuracy is "seriously questioned." *United States v. Green*, 480 F.3d 627, 632, 633 (2d Cir. 2007); N.Y. Crim. Proc. § 60.60(1)). *See also United States v. Loizzi*, 200 Fed. Appx. 599, 602 (7th Cir. 2006); *United States v. Hernandez*, 218 F.3d 272, 279 (3d Cir. 2000).

In an apparent attempt to cast doubt on the accuracy of the Certificate of Disposition, Singleton alleges he was never prosecuted for forgery in the Supreme Court of New York County, he never pleaded guilty to any crime in the Supreme Court of New York County, and no criminal judgment was ever entered in the Supreme Court of New York County that sentenced him to "time served" (Doc. 16, p. 7).[1] However, he has not offered one iota of evidence to show that these

---

[1] In his reply brief, Singleton wrote that he "has never been prosecuted for commiting [sic] a crime of forged instrument being presented, and fraudulent check drawn on the account of the United States Treasury, in the Supreme Court of New York County" (Doc. 16, p. 6). Singleton also wrote that he "has not pleaded guilty to any crime, nor [sic] found guilty of commiting [sic] any crime by a judge or jury impaneled in the Supreme Court of New York County on March 26, 2013" (Doc. 16, p. 7). Finally, Singleton wrote that "there does not exist a criminal judgment entered in the Supreme Court

allegations have any basis in reality. *See, e.g., Hernandez*, 218 F.3d at 279 (prisoner can rely on "easily produced court documents, such as a plea colloquy," to dispute the accuracy of Certificate of Disposition). In light of the evidence produced by respondent (Docs. 14-1 through 14-6), the Court finds Singleton's bald allegations that his arrest, prosecution, and conviction for forgery in the State of New York were completely fabricated and created out of whole cloth are preposterous. They certainly do not give the Court any reason to "seriously question" the accuracy of the Certificate of Disposition.

In conclusion, Singleton has failed to show that he has a right to receive credit for the time spent in state custody toward his federal sentence. *See Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007) (noting it is prisoner's burden to demonstrate right to relief) (citing *United States v. Harris*, 876 F.2d 1502, 1506-07 (11th Cir. 1989)); *Deberry v. Johns*, Case No. 5:10-HC-2137-D, 2012 WL 34224, at *2 (E.D.N.C. Jan. 6, 2012) ("Deberry has the burden to show that he is entitled to credit for time served in state jail or prison and that he did not receive such credit.") (citing *United States v. Harris*, 876 F.2d 1502, 1506 (11th Cir.1989)); *Diaz v. Holinka,* Case No. 10–cv–218–slc, 2010 WL 2403762, at *3–4 (W.D. Wis. June 10, 2010) (denying petition challenging BOP's denial of prior custody credit based on "uncertified" state documents; "to receive the relief he seeks from this court[, h]e needs to show that he was *not* credited for the time he served . . . not that the Bureau acted without solid evidence") (emphasis original).

---

of the State of New York which indicates a "Time Served" sentence (Doc. 16, p. 7).

The evidence produced by the BOP shows that the 15 months Singleton spent in the custody of the State of New York was credited toward his state sentence of time served.  Singleton submitted no credible evidence to the contrary, and he has given the Court no realistic reason to think the credit was not truly given by the State of New York.  Because § 3585(b) prohibits prisoners from receiving double credit, the 15 months that was previously credited against his state sentence cannot be credited against his federal sentence also.

The Court has one final note regarding the allegations in Singleton's habeas petition and reply brief.  To the extent Singleton is ultimately trying to collaterally attack his New York conviction by suggesting that the state did not have the authority to prosecute him for forgery,[2] this is not the proceeding in which to do so because such a challenge cannot be brought in a habeas petition under § 2241.  *See* 28 U.S.C. § 2254.  Similarly, to the extent Singleton is trying to attack the federal judgment for revocation of supervised release,[3] he must do so by direct appeal or filing a motion under 28 U.S.C. § 2255 in the Northern District of Illinois.

---

[2] Singleton claims the "State of New York has usurped the jurisdiction of the federal courts of the United States and took it upon themselves to prosecute and sentence Petitioner on a federal offense" (Doc. 16, p. 2).  He questions whether it is "possible for the State of New York to enforce a [sic] exclusive federal crime involving the United States Treasury?" and "where is the subject matter jurisdiction of the state court to entertain violations of the United States Treasury laws?" (Doc. 16, p. 3).

[3] Singleton claims "the judgment being enforced is defective and irregular on its face, as there is no "Norther District of Illinois," or quasi in-rem and in-personam combination judgment possibility" (Doc. 16, p. 3).

## CONCLUSION

Anthony Singleton's petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 16th day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.16 18:26:26 -05'00'

**Chief Judge
United States District Court**